IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PANAGENE, INC. | § | |
| | § | |
| v. | § | Case No. 2:14-CV-34-JRG-RSP |
| | § | |
| BIO-SYNTHESIS, INC. | § | |

## MEMORANDUM ORDER

Before the Court is Bio-Synthesis, Inc.'s ("BSI") Motion to Transfer Venue to the Sherman Division of the Eastern District of Texas (Dkt. 8, the "Motion").

The Motion begins by implying that venue is improper in the Marshall division, citing the *forum non conveniens* doctrine, but does not address that issue in any detail. (Mot. at 4.) Instead, the briefing focuses on BSI's contentions that the case should be transferred "for the convenience of the parties and the witnesses" under 28 U.S.C. §1404, and thus the Court will focus its analysis accordingly. (*Id*. at 1.)

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d

1315, 1319 (Fed. Cir. 2009).  The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.  The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*").  Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue.  *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319.  Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive.  *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

## DISCUSSION

### A. Proper Venue

Neither party directly addresses whether the Sherman Division is a proper venue for this case. Although it is the movant's burden to show propriety of the transferee venue, the record before the Court seems to show that venue would be proper in the Sherman Division of this Court.

### B. Private Interest Factors

#### 1. Cost of Attendance for Willing Witnesses

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y. 1990); *see also* Wright & Miller, *Federal Practice and Procedure* § 3851. "A district court should assess the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 at 1343. However, there is no requirement that the movant identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ." *Id.* at 1343-44.

BSI only states that "any" third-party witnesses it might call may be in California "and possibly Massachusetts." (Castro Decl. at 2.) BSI does not identify the number or identity of a single third party witness, nor even state that those persons do in fact have information relevant to this case. BSI states that these witnesses "will need to travel through DFW International Airport" and then drive to Marshall, but that statement is unsupported; BSI does not state why DFW is the only possible place of arrival for those (still unidentified) witnesses. (Mot. at 2.) The

Court notes that there are a number of airports and transportation options that would place the arrival point of potential witnesses closer to Marshall than Sherman – often at less out of pocket expense. BSI's conclusory statements about third-party witnesses have little probative value.

BSI takes the same approach with its own employees, and states that they are located "in and around Denton County," but does not state whether any of those employees possess information material to this case, identify a single person (other than its declarant), or produce actual evidence showing that those persons actually reside closer to the Sherman courthouse than the Marshall courthouse. Again, the conclusions drawn by BSI in the Motion may be true, but it is BSI's burden as the movant to show that transfer is clearly more convenient, and simple conclusions do not meet that burden.

2. **Relative Ease of Access to Sources of Proof**

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

The instant case varies somewhat from the average patent infringement case, as it is clear from BSI's other motions before the Court that the primary issue in the case is the settlement agreement arising from a prior 2012 litigation between BSI and Panagene. BSI states that its "business records and sources of proof" are located in Lewisville, Texas. (Mot. at 2.) Given the unique nature of this case, however, it is unclear if those business records include information material to this case, and BSI avoids saying as much.[1] Indeed, the most recent round of briefing

---

[1] The Court has, in the past, observed a number of circumstances where transfer movants provide carefully crafted declarations that imply certain facts, but refrain from attesting to the truth of those implied facts – often because the implications they attempt to create are not accurate. There is no reason for the Court to believe here that

on BSI's Motion to Compel Infringement Contentions claimed that many of the records cited by Panagene are in only Panagene's possession rather than BSI's, stating that the "old Bio-Synthesis webpages … no longer exist or have been changed..." (Dkt. 30 at 1-2.) Thus, the record on access to sources of proof suffers the same shortcomings as discussed with the witnesses above – the Court observes that BSI's statements as to potential sources of evidence is simply too conclusory to have any material weight in its analysis.

### 3. Availability of Compulsory Process to Secure the Attendance of Witnesses

The parties concede that the availability of compulsory process to secure the attendance of witnesses is the same in either division. Accordingly, the Court finds this factor is neutral and does not favor transfer.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

BSI contends that the "all practical problems" prong favors Sherman because BSI's counsel is located in Dallas, and thus trial in Sherman will be easier, more expeditious, a nd inexpensive. But the Federal Circuit (applying Fifth Circuit law) has routinely and explicitly rejected this argument. Thus, BSI's argument on this prong is unavailing.

This Court handled the 2012 case between Panagene and BSI. This case is directly and inextricably linked to that case, given that the contract claim is on the settlement arising from the 2012 case, and this case contains the same patent infringement allegations as that case. The close relationship between this case and the 2012 case suggests that judicial economy would be best served by not transferring this case to Sherman. Accordingly, this factor weighs against transfer.

---

BSI is attempting such misdirection, but the fact that its supporting evidence simply does not attest to the facts it implies is relevant to the determination of whether BSI has met its burden.

C.  **Public Interest Factors**

   1.  **Local Interest in Having Localized Interests Decided at Home**

BSI provides only a brief statement on this factor, stating that "the local interest in having localized interests decided at home weighs in favor of transferring the case to the Sherman Division because the Marshall Division has no local interest in this suit, whereas the alleged acts of infringement supposedly occurred in the Sherman Division." (Mot. at 5.) Panagene disputes this argument in an equally conclusory fashion, and neither party addresses it in its reply or surreply. The Court can find nothing in the record that suggests that Panagene's patent claims are limited only to acts performed in Sherman, and further observes that the breach of contract claims arise from a settlement agreement reached in a Marshall Division case. BSI has failed to show that this factor favors transfer, and the Court finds that this factor is neutral.

   2.  **Familiarity of the Forum With the Law that Will Govern the Case, Administrative Difficulties Flowing From Court Congestion, and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

The parties appear to agree, and the Court finds, that the remaining public interest factors are neutral.

## CONCLUSION

While the Court is often provided with insufficient factual records on motions to transfer, the briefing in this case was exceptionally thin. While it seems that some of BSI's assertions regarding witness and document location might carry weight in a transfer analysis if fully developed and supported in the record, the vague and conclusory nature of those allegations as they are provided here provide little for this Court to rely upon to find that BSI has met its burden of showing transfer is "clearly more convenient." When contrasted with the substantial number of neutral factors and the clear link between this suit and the 2012 suit handled by this Court, the conclusory allegations provided by BSI are insufficient to meet its burden of transferring to the Sherman division. Accordingly, the Motion is **DENIED**.

**SIGNED this 24th day of March, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE